## CHARLESTON.

MINNIE C. LARCH *et als. v.* PETER SILMAN

(No. C. C. 416)

Submitted April 9, 1929.    Decided April 16, 1929.

206

*Thos. P. Ryan* and *Wm. S. Ryan,* for plaintiffs.
*Harper & Baker,* for defendant.

MAXWELL, JUDGE:

This is a suit for discovery and an accounting. The circuit court of Roane county having overruled a demurrer to the bill the question of the sufficiency of the bill is certified here.

It appears from the bill that on the 3rd day of June, 1907, Minnie C. Larch and husband conveyed to J. R. King, L. V.

Koontz and H. G. Young one-half of the oil and one-half of the income from the gas in and underlying a tract of 53 acres of land, more or less, in said county. In addition to the said grant, the instrument of conveyance contains the following paragraph: . "And it is further agreed and understood between the parties hereto that if said premises is not operated under the present lease now on said land all of the operative rights belong to the parties of the second part, or their assigns, by giving to the owners of said real estate the one-sixteenth of oil produced and saved from the leased premises and one hundred dollars per year for each and every gas well the product of which is used and marketed off of said premises, without liability for damage other than to growing crops." Some time between the date of said deed and the 24th day of March, 1926, J. R. King died intestate survived by his widow, Delya King, and two infant children, Eugene C. King and Maxine King. On the last mentioned date Mrs. King instituted a summary proceeding in the said circuit court for the purpose of selling or leasing the oil and gas interest of her infant children in the said tract of land. That case reached this Court and is reported in 103 W. Va. page 227. While the said proceeding was pending in the circuit court, to-wit, on the 26th day of March, 1926, Mrs. Larch and her husband conveyed to the plaintiff, Thomas P. Ryan, one-half of all their right, title and interest in and to the oil and gas within and underlying the said tract of land. Within the period of the pendency of said case in this Court, to-wit, on the 12th day of July, 1926, the said Minnie C. Larch and husband and the said Thomas P. Ryan and wife leased unto Peter Silman, defendant, all of their right, title and interest in and to all of the oil and gas in and under the above mentioned tract of land, together with operating privileges, on the basis of one-eighth oil and gas royalty. The said lease contains these further provisions:

"And, whereas, there is now pending in the Supreme Court of Appeals of this state, a suit, wherein Delya King Guardian, etc., is plaintiff and said Minnie C. Larch and others are defendants, which has for its object, among other things,

the ascertainment of the interest which the said Lessors have in said land, now in case a producing oil or gas well be completed on said land under this lease before it is determined the exact amount of interest which the Lessors may have in said land, oil, gas or gasoline, then said Lessors are not to be paid their said just proportion thereof until their said interest is determined in said suit or otherwise, but the same is to be held by lessee until said interest is determined by suit, compromise or otherwise.

One half of all moneys payable hereunder shall be paid to said Minnie C. Larch and the other one-half shall be paid to said Thos. P. Ryan. Said payments shall be made each thirty days after the said interest of the Lessors is determined, as aforesaid.''

It is further alleged in the bill that the effect of the above quoted paragraph of the deed of June 3, 1907, executed by Minnie C. Larch and husband to J. R. King and his associates was to lease to the said grantees ''the remaining one-half of the oil within and underlying said land, and the gas therein'' but that the said grantees long ago abandoned their rights under the said quoted paragraph and that they never undertook to drill any well for oil and gas purposes on the said land, and further, it is alleged that the said ''oil and gas lease * * * has been for many years last passed absolutely void * * *.''

The bill further alleges that subsequent to the execution to him of the lease aforesaid the said Peter Silman caused a well to be drilled on the said land and that plaintiffs are informed and believe that the said well produces gas in large and paying quantities, and that the said product has been marketed continuously from the time of the completion of the well to the date of the institution of this suit. Further, that the plaintiffs are without information as to the quantity of gas that has been produced from said well and that the said Silman has declined and refused to account to them for their royalty of the gas thus produced as provided in the said contract of lease. They therefore pray for disclosure as to the amount of said production and for an accounting as to the

royalty to which they assert they are entitled under the lease aforesaid.

In our opinion the demurrer to this bill ought to have been sustained. The first ground for this conclusion is the absence of necessary parties. The widow and heirs of J. R. King should have been before the court; also L. V. Koonts and H. G. Young. Their rights under the above quoted paragraph from the deed of June 3, 1907, are involved in this suit. As already noted, the bill contains allegations with reference to the rights of the said parties under the said paragraph and undertakes to define those rights. Of course, the widow and heirs of the deceased grantee and the two surviving grantees should be before the court when their property rights are thus involved. Authority need not be cited for the fundamental proposition that as a general rule all persons whose rights will be affected by a decree in a chancery suit are necessary parties to such suit.

Another reason why the bill is not good on demurrer lies in the absence of allegations in the bill that the interest of the lessors under the lease aforesaid in the property therein described has been determind by suit or otherwise. Under the express terms of the said quoted provision of said lease, the lessors "are not to be paid their said just proportion" until the extent of their said interest is determined. And until such determination is made the portion of the lessors "is to be held by lessee." In failing to allege that such determination has been made, the bill does not make a showing on which the lessee can be required to make an accounting at this time. So far as is disclosed by the bill, the suit is premature.

It is further urged in support of the demurrer to the bill that inasmuch as the prayer of the bill is for both discovery and relief, and the object,—a mere money recovery,—being primarily of legal cognizance, the allegations of the bill are not sufficient to show the necessity for the discovery sought by the complainants. This point is not well taken. It is true the bill contains no specific allegation of the indispensability of the discovery, but to meet the rule requiring that the necessity for discovery be shown by the bill, it is not necessary that the bill in terms allege the indispensability of the

discovery, but the requirements of the rule are met if the bill sets forth facts from which the materiality and indispensability of the discovery clearly appear. *Dudley* v. *Niswander,* 65 W. Va. 461, 466. In matters of accounting where the facts alleged show necessity for discovery there is unquestioned equitable jurisdiction. "Equity has jurisdiction of a suit for an accounting, when there is a privity of contract between the parties, even though the accounts be all on one side, when the bill prays for a discovery and alleges facts which show that a discovery is essential to the establishment of plaintiff's rights." *Belcher* v. *Big Four Coal & Coke Co.,* 68 W. Va. 716.

For the reasons above set forth we reverse the decree of the circuit court, sustain the demurrer to the bill with leave to the plaintiffs to amend the same, and remand the cause for further proceedings therein.

*Reversed and remanded.*